**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-2359-RM-NRN

ROBERT REEVES,

     Plaintiff,

v.

AMAZON LOGISTICS, INC., a foreign corporation, and
ZURICH AMERICAN INSURANCE COMPANY, a foreign insurance company.

     Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion for Summary Judgment and for Protective Order Regarding Plaintiff's Notices of Deposition (the "Motion to Stay") (ECF No. 63), to which Plaintiff has responded and opposed (ECF No. 67). The Court finds no further briefing is required before ruling. Upon consideration of the Motion to Stay, and being otherwise fully advised, the Motion to Stay is DENIED.

This underinsured motorist coverage dispute arises out of an October 29, 2017, motor vehicle accident which has been pending since July 1, 2020. The scheduling order has been entered and amended, with expert disclosures due in May and June 2021, and a discovery cut-off date of July 16, 2021. The parties have already exchanged disclosures and engaged in discovery; they have had discovery disputes. Defendants now move for summary judgment arguing that Plaintiff is not an insured under the auto policy at issue. Defendants contend all of Plaintiff's claims fail because he is not an insured. As such, Defendants seek to stay all discovery and a

protective order on three scheduled or to be scheduled depositions pending a resolution of their Motion for Summary Judgment. That motion was filed on March 9, 2021, concurrently with the Motion to Stay.

The Court may stay discovery and courts in this district generally consider the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) to evaluate whether it should do so. Thus, the courts consider "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*, 2006 WL 894955, at *2. Whether to stay discovery, however, is specific to the facts and circumstances of the case at issue.

**Plaintiff's interests in proceeding expeditiously and the potential prejudice.** Plaintiff has a significant interest in proceeding with discovery and two of the three Rule 30(b)(6) depositions at issue are already scheduled for the next two weeks. A stay of discovery in this case would mean extending the already extended deadlines further. Defendants speculate any stay will be short or brief, but that is not so. On the contrary, the Court's pending cases include many trials which have been continued to this year due to the pandemic, including criminal trials which generally take precedence over civil matters. Thus, it is unlikely that any stay will be brief. This factor weighs heavily against a stay.

**The burden on Defendants.** Defendants contend that, *if* the motion for summary judgment is granted, they would have been unnecessarily burdened with discovery. But, that could be said of any case. There are, of course, cases in which the burden of discovery may support a stay, such as if a defendant moved to dismiss an entire action based on qualified

immunity. *See Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (finding district court properly decided threshold question of immunity prior to permitting discovery). The Court finds, however, that this is not one of those cases.

Indeed, the parties have already engaged in discovery and it appears they are moving toward the completion of discovery. Plaintiff's deposition has been taken and now he wishes to take the Rule 30(b)(6) depositions of Defendants and Sedgwick Claims Management Services, Inc. Under such circumstances, *if* Defendants prevail on their Motion for Summary Judgment, Defendants may have expended *some unnecessary* expenses in continuing to engage in what appears to be limited discovery. Such expenses, however, do not equate to undue burden or undue prejudice. And any unnecessary expenses do not outweigh Plaintiff's substantial interests in proceeding expeditiously.

***Convenience to the Court.*** Defendants raise concerns about possible case management or discovery disputes which may arise. The Court will not, however, stay discovery based on possibilities. While the record shows the parties did have some discovery disputes, the Court anticipates the parties will work professionally in good faith to attempt to resolve any disputes and has confidence the parties will be able to do so should such unidentified possibilities arise.

***Interests of Non-Parties.*** The non-party at issue is Sedgwick, apparently a third-party administrator. As Plaintiff argues, Sedgwick is undoubtedly familiar with this process. Further, no significant, particularized interest of such non-party has been shown which will be impaired; any general interest in avoiding being deposed is insufficient. Thus, any interest of non-parties does not weigh in favor of a stay.

***Public Interest.*** Defendants assert that a stay will avoid wasteful efforts of the court but fail to articulate how that will occur in this case if discovery is allowed to proceed. Instead, the

Court agrees that delays can "threaten[] the credibility of the justice system," *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), which is not overcome by any facts and circumstances in this case.

In summary, there are certainly cases where a stay should be granted pending a dispositive motion. Defendants have not shown this is such a case. Accordingly, it is

**ORDERED** that Defendants' Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion for Summary Judgment and for Protective Order Regarding Plaintiff's Notices of Deposition (ECF No. 63) is **DENIED**.

DATED this 16th day of March, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge